UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAMIAN MARTIN, Individually and on Behalf of All Others Similarly Situated,

      *Plaintiff,*

 -against-

BROOKLYN BAGEL & COFFEE Company, LTD.,

      *Defendant.*

24-CV-3758 (ARR) (RML)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

---

 Plaintiff Damian Martin brings this putative class action against defendant Brooklyn Bagel & Coffee Company ("Brooklyn Bagel"), alleging that defendant's website violates the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL"), and for declaratory judgment. Before me now, is defendant's motion to dismiss for failure to establish Article III standing and to state a claim.

 For the reasons set forth below, I GRANT defendant's motion to dismiss for failure to establish standing.[1]

## BACKGROUND

 Mr. Martin is a legally blind resident of Brooklyn, New York, who uses screen-reading software when browsing the internet. Compl. ¶¶ 14, 39, ECF No. 1. Brooklyn Bagel is a New York Corporation that operates several stores serving breakfast foods in various locations in New York. *Id*. ¶ 41. In furtherance of its operations, defendant operates a website, www.bkbagel.com

---

[1] "Standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Ross v. Bank of Am., N.A.(USA)*, 524 F.3d 217, 222 (2d Cir. 2008). I therefore do not address defendant's arguments directed to plaintiff's asserted failure to state a claim, as without standing, I lack subject matter jurisdiction to consider the merits.

1

(the "Website"). *Id*. ¶ 36. Among other features, the Website "offers users the ability to peruse [defendant's] menu and obtain [the] location" of its physical stores. *Id*. ¶ 36.

Martin alleges that "wanted to visit [defendant's] bagel store" because he "enjoy[s] going to different restaurants and activates [*sic*] around New York City" with his mother and "was looking for fresh made, quick service breakfast options" *Id*. ¶¶ 40, 41. Martin further alleges that he was interested in defendant's products specifically because defendant "highlights its commitment to quality and freshness" and "promot[es] its products as healthy options." *Id*. ¶ 42.

According to Martin, "[i]n preparation for visiting [defendant's] store" he "needed to review the location and menu information." *Id*. ¶ 40. Martin visited defendant's Website on April 16 and April 18, 2024 to "learn more about the bagel stores' location information." *Id*. ¶ 43. However, the Website "contain[ed] access barriers that prevent[ed] free and full use by" Martin. *Id*. ¶¶ 43. Due to those barriers, Martin "was unable to understand and properly interact with the Website" and was thereby "denied the benefit of obtaining location and menu information in order to visit the bagel store." *Id*. ¶ 24. However, Martin alleges that, once the Website is made accessible, he "intends to attempt to access the Website in the future . . . to obtain location and menu information to visit the bagel store." *Id*. ¶ 28.

## STANDARD OF REVIEW

Standing is a constitutional requirement for assumption of federal jurisdiction, *see Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022), and a motion to dismiss for lack of standing is therefore subject to Fed. R. Civ. P. 12(b)(1). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). However, a court "need not credit 'a legal conclusion

2

couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano*, 36 F.4th at 75 (quoting *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009)).

## DISCUSSION

### I. Standing

#### A. Legal Standard

To bring a case in federal court, "the plaintiff must have a personal stake in the case—in other words, standing." *Calcano*, 36 F.4th at 74 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "[T]he party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Id.*. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. To be particularized and concrete, the injury must "affect the plaintiff in a personal and individual way," *Harty v. W. Point Realty, Inc.,* 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)), and inflict "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts," *id.* at 442–43 (quoting *TransUnion*, 594 U.S. at 427). Further, because "injunctive relief is the only remedy available under Title III of the ADA, a plaintiff must show that she is likely to be harmed again in the future in a similar way, and that the threatened injury must be certainly impending." *Wahab v. White's Boots, Inc*., No. 23-cv-9018, 2024 WL 3909083, at *4 (S.D.N.Y. Aug. 16, 2024) (internal quotation marks omitted).

As the Second Circuit has explained, standing in an ADA case seeking injunctive relief is subject to a three-part test. The complaint must demonstrate that "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would

3

continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74 (quotation marks omitted). Defendant argues that plaintiff has failed to establish the first (past injury) and third (future injury) of those requirements.

**B.     Past injury**

"To satisfy the first prong of the ADA standing test," the complaint "must . . . establish that such injuries were both concrete and particular to the plaintiff, and must do so with sufficient specificity." *Rizzi v. Hilton Domestic Operating. Co.*, No. 18-CV-1127, 2020 WL 7000356, at *3 (E.D.N.Y. Aug. 11, 2020), *R&R adopted*, 2020 WL 6253713 (E.D.N.Y. Oct. 23, 2020) (quotation marks omitted). "[V]ague assertions" bereft of "basic information" are insufficient to allege "an injury that is 'concrete and particularized.'" *Calcano*, 36 F.4th at 76–77 (quoting *Lujan v. Defs. Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff asserts that he has established past injury by alleging that he visited the Website on two dates and "encountered barriers that have caused a denial of [his] full and equal access . . . to the Website" due to the Website's incompatibility with his screen-reader technology. Pl.'s Opp. to Mot. Dismiss 6, ECF No. 10-3. Specifically, plaintiff alleges that he was unable to access defendant's menu and location information, which deterred him from visiting the restaurant. *Id*. at 2.

In theory, I agree with plaintiff that allegations of deterrence may alone be sufficient to establish standing under the ADA. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188 (2d Cir. 2013). I find it reasonable to infer that a visually impaired person unable to obtain the location and menu of a restaurant would be deterred from making further use of its website. Moreover, plaintiff alleges "downstream consequences from failing to receive the required information [as required] to have an Article III injury in fact." *Harty,* 28 F.4th 444 (internal

4

quotation marks omitted). It is eminently reasonable that a person who desires to visit a restaurant but cannot determine its location is deterred from visiting that restaurant.

However, plaintiff's allegations are inadequate to establish that he suffered a deterrence injury. The Complaint contains only two paragraphs that address specific access barriers present on the Website. In full, those paragraphs allege:

> 44. The Website contains access barriers that prevent free and full use by the Plaintiff using keyboards and screen-reading software. These barriers include but are not limited to: missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse.
> 45. The Website also contained a host of broken links, which is a hyperlink to a non-existent or empty webpage. For the visually impaired this is especially paralyzing due to the inability to navigate or otherwise determine where one is on the website once a broken link is encountered.

Compl. ¶¶ 44, 45. The following paragraph then conclusorily alleges that those access barriers "effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do." *Id*. ¶ 46.

Plaintiff's allegations are too vague to establish his injury. Here, plaintiff lists seven generic programming errors allegedly present on the Website and conclusorily states that they "prevent free and full use [of the Website] by the Plaintiff." Compl. ¶ 44. But the complaint is entirely bereft of any details about how plaintiff encountered those violations or how those violations impacted him. *See Lujan*, 504 U.S. at 560 (explaining that a plaintiff must demonstrate a "causal connection between the injury and the conduct complained of"). "[A]s a bare minimum, a plaintiff can establish a direct injury . . . only if []he 'personally encounters the barrier to access' that caused h[is] injury." *Feltzin v. Triangle Props. #1, LLC*, No. 14-CV-5131, 2016 WL 11599264, at *4 (E.D.N.Y. Dec. 15, 2016) (quoting *Panzica v. Mas-Maz, Inc.*, No. 05-CV-2595, 2007 WL 1732123, at *3 (E.D.N.Y. June 11, 2007)). District courts in this circuit have

5

repeatedly concluded that a plaintiff who "makes no attempt to tether his laundry list of alleged violations to any alleged injury . . . lacks standing." *Triangle Props.*, 2016 WL 11599264 at *6.[2]

At the most basic level, Plaintiff does not even explicitly allege that he encountered any of the seven listed barriers; instead, he merely asserts that the website "contains" those barriers and that they "prevent free and full use by the Plaintiff using keyboards and screen-reading software." Compl. ¶ 44. Even if I were to infer that plaintiff encountered those barriers, the Complaint is totally bereft of detail regarding the plaintiff's experience with any of the listed barriers. For example, the Website purportedly "contained a host of broken links . . . to a non-existent or empty webpage," which are "especially paralyzing" "[f]or the visually impaired." *Id*. ¶ 45. However, Plaintiff does not identify any particular broken link on the Website, nor does he allege where on the Website he encountered those broken links.

Admittedly, the standard to plead an injury is a "low threshold," *John v. Whole Foods Mkt. Grp., Inc*., 858 F.3d 732, 738 (2d Cir. 2017), and plaintiff lists a string of cases that he asserts have found standing based on similar allegations. Pl.'s Opp. 7–8. But many of those cases involved far more detail than a simple list of generic access barriers that plaintiff allegedly

---

[2] *See also Feltzin v. Stone Equities, LLC, 16-cv-6457*, 2018 WL 1115135 at *10 (E.D.N.Y. Feb. 8. 2018) ("[C]onspicuously absent from this or any other part of the Complaint are facts explaining how Plaintiff interacted with and experienced violations (a)–(m). Plaintiff's conclusory allegation that '[plaintiff] has personally observed or encountered' these violations . . . is insufficient to connect the violations to Plaintiff's experience of them[.]"); *Rizzi v. Hilton Domestic Operating Co., Inc.*, No. 18-CV-1127, 2020 WL 6253713, at *3 (E.D.N.Y. Oct. 23, 2020) (finding plaintiff's allegations insufficient to demonstrate standing where "plaintiff d[id] not specify which of the alleged programming errors in the websites he personally encountered nor provide an explanation of how any of those alleged programming errors posed an obstacle to his access to the website."); *Harty v. Nyack Motor Hotel Inc.*, No. 19-cv-1322, 2020 WL 1140783, at *4 (S.D.N.Y. March 9, 2020) (finding complaint failed to allege standing where plaintiff "fail[ed to describe any purportedly deficient features, how they impeded his navigation of the Website, or what, if anything, he was able to observe when he did attempt to access the Website").

encountered here. For example, in *Camacho v. Vanderbilt University*, the court found standing based on a prospective student's allegation that he "was unable to accept the conditions" or "input his information" into the website's net price calculator. No. 18-CV-10694, 2019 WL 6528974, at *2, 9 (S.D.N.Y. Dec. 4, 2019). And in *Walters v. Fischer Skis U.S., LLC*, the plaintiff "identif[ied] the portions of the Defendant's website that lack accessibility" by pointing to specific buttons and pages. No. 21-CV-1115, 2022 WL 3226352, at *4 (N.D.N.Y. Aug. 10, 2022).

Moreover, plaintiff makes no attempt to explain the connection between the alleged barriers and his asserted deterrence injury—his inability to access to the Website's information about defendant's menu and locations. To illustrate, plaintiff alleges that the website contained "missing alt-text [and] hidden elements," but fails to identify what text was "missing" or elements were "hidden," much less explain how those barriers impeded him from accessing the specific information that he desired. Compl.. ¶ 44. Nor can I draw an inference connecting the alleged barriers to his injury, as Mr. Martin fails to articulate why he was unable to access the desired information. Without further detail, such as an allegation that the menu and location information was affected by the access barriers, or that Mr. Martin was prevented from navigating onto the page containing the information due to the access barriers, the Complaint's allegations are insufficient.[3]

Such allegations are necessary because the mere existence of a statutory violation does not suffice for standing; the plaintiff must also show that he suffered a "concrete harm" from that violation. *TransUnion*, 594 U.S. at 426–27. As applied to the present case, Mr. Martin cannot

---

[3] The same analysis applies to the remaining categories of barriers allegedly present on the website.

establish his standing by simply pointing to the presence of missing or hidden items on the Website, as the complaint contains no facts indicating that the inaccessible features of the website had any impact on his stated interest in the Website. *See Triangle Props.*, 2016 WL 11599264, at *5 (holding that a "Plaintiff [who] makes no attempt to tether his laundry list of alleged violations to any alleged injury . . . lacks standing"). Instead of providing such facts, Mr. Martin alleges that the barriers "prevent [his] free and full use" of the website. Compl. ¶ 44. The existence of barriers preventing visually impaired persons generally from enjoying the "free and full use" of the entire suite of features available on the Website, *id.*, does not demonstrate that Mr. Martin encountered a barrier that impeded his access to the specific feature—defendant's menu and location information—in which he was purportedly interested.[4]

Finally, I "cannot ignore the broader context of Plaintiff['s] transparent cut-and-paste and fill-in-the-blank pleadings." *Calcano*, 36 F.4th at 77. Since June 30, 2023, Mr. Martin has filed fifty-eight cases in this district, all of which claim that various businesses have violated the ADA by failing to make their websites fully accessible to blind persons. *See* NYED ECF, https://nyed-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Damian Martin") (last visited Nov. 14, 2024). All fifty-eight complaints use *identical* language to the present complaint to allege that Mr. Martin experienced the *same* seven generic access barriers while using each of defendants' websites. *See, e.g.*, Compl. ¶¶ 43–44, ECF No. 1, *Martin v. 2255 Emmons Cafe Lounge, Inc.*, No. 23-CV-8818 (E.D.N.Y. Nov. 30, 2023); Compl. ¶¶ 43–44, ECF No. 1, *Martin v. David Yurman IP, LLC.*, No. 23-CV-4929 (E.D.N.Y. June 30, 2023). Notably, none of Mr. Martin's fifty-eight complaints

---

[4] I note that plaintiff need not allege that the barriers "entirely prevented" him from accessing the menu and location information, all that is required is that the barriers made access "more difficult, burdensome, or dangerous." *Davis v. Wild Friends Foods, Inc.*, No. 22-CV-04244 (LJL), 2023 WL 4364465, at *5 (S.D.N.Y. July 5, 2023). However, plaintiff has failed to meet even that requirement.

specifically identify a particular instance of such an access barrier on any website, much less explain how such an access barrier impeded his use of the website.

The generic, copy-paste nature of Mr. Martin's allegations is further underscored by the conduct of his counsel, Stein Saks, PLLC ("Stein Saks"), on behalf of other plaintiffs. As one court in the Southern District of New York has recently observed, Stein Saks "filed more than 500 ADA website complaints [between June 1, 2023 and July 31, 2024] . . . in the Southern and Eastern Districts of New York on behalf of seventeen different visually impaired plaintiffs." *Wahab*, 2024 WL 3909083 at *8. The court's "review of 200 of those complaints" revealed that all 200 relied upon identical generic allegations that plaintiffs "experienced the same seven access barriers on hundreds of different websites operated by hundreds of different companies, without any specificity as to how these barriers arose in any particular case or caused injury to the plaintiff." *Id*. That pattern also holds true here—Mr. Martin's allegations regarding the alleged access barriers present on defendant's website are *identical* to the allegations present in *Wahab* and the hundreds of other complaints reviewed by the *Wahab* court. *Compare* Compl. ¶¶ 44–45, *with Wahab*, 2024 WL 3909083 at *7; *see also id*. at *8.

Such "conclusory, boilerplate allegations fail to establish standing," *Calcano*, 36 F.4th at 71, and numerous courts in this circuit have "dismissed ADA website accessibility cases for lack of standing where plaintiffs have relied on similar cut-and-paste allegations." *Wahab*, 2024 WL 3909083 at *9 (collecting cases); *see also Rizzi*, 2020 WL 7000356, at *4 (finding plaintiff's "conclusory allegations" listing ten generic barriers on website was insufficient to plead past injury). Of course, I have no doubt that visually impaired persons routinely experience access barriers on the internet, including barriers of the sort complained of in the present complaint. But Mr. Martin's boilerplate allegations fail to establish a sufficiently concrete injury caused by

defendant's Website, as his Complaint is bereft of any detail demonstrating that any specific barrier affected him "in a personal and individual way," *Harty,* 28 F.4th at 442 (quoting *Spokeo*, 578 U.S. at 340). "At the very least, Plaintiff must allege some facts explaining which barriers impeded h[is] ability to [obtain the menu and location information] and how they did so." *Wahab*, 2024 WL 3909083, at *10.

C. **Future injury**

An ADA plaintiff seeking injunctive relief must also establish that he "intended to return to the subject location." *Calcano*, 36 F.4th at 74 (internal quotation marks omitted). As the Second Circuit has explained, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id*. at 75 (quotation marks omitted).

According to the Complaint, Mr. Martin wanted to obtain defendant's menu and location "in preparation for visiting" defendant's bagel store, and that he "wanted to visit this store" because "he was looking for fresh made, quick service breakfast options" and "enjoy[s] going to different restaurants and activates [sic] around New York City." Compl. ¶¶ 21, 22. In addition, Mr. Martin desired to visit defendant's store because defendant "highlights its commitment to quality and freshness [and] promot[es] its products as healthy options." *Id*. ¶ 23. Finally, Mr. Martin alleges that he "intends to attempt to access the Website in the future . . . to obtain location and menu information[] if [the access barriers are] remedied." *Id*. ¶ 28.

As with many other ADA website cases, "[p]laintiff's allegations leave the Court questioning whether he, in fact, ever had or now has a particularized desire [in defendant's website or products] or just a particularized desire to sue [defendant]." *Tavarez v. Moo Organic*

10

*Chocolates, LLC*, 641 F. Supp. 3d 76, 82 n.6 (S.D.N.Y. 2022). Plaintiff insists that his sole interest in defendant's website is to obtain menu and location information in preparation for an upcoming visit to defendant's stores, but the Complaint is bereft of any indication that plaintiff intends to make such a visit in the future. *See Lujan*, 504 U.S. a 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that Article III requires."). Plaintiff does not allege that he has taken any steps to visit defendant's stores (or that he frequents areas near defendant's stores). Plaintiff does not allege that he made any effort to obtain defendant's menu and location information elsewhere, despite his purportedly urgent desire to obtain that information so that he can visit defendant's stores. Plaintiff does not allege that he has purchased any of Defendant's products (online or in-person), that he ever intends to purchase defendant's products, that he is aware of any specific item sold by defendant, or how he became aware of defendant's products. *See Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023) (concluding that plaintiff's intent to "purchase some belts and a jacket" from defendant's website was insufficient to allege future injury where plaintiff did not allege, *inter alia*, "the genesis for his sudden need or want for [those products], or that [defendant] is the only retailer that sells the particular [products] he wants, or that he has searched for comparable [products]").[5]

---

[5] *See also Martin v. Second Story Promotions, Inc.,* No. 22-CV-10438, 2024 WL 775140, at *3 (S.D.N.Y. Feb. 26, 2024) (finding insufficient facts to support intent to return where plaintiffs "allege[d] no facts whatsoever regarding how they learned of the Website, what piqued their interest in the Website, any particular products they viewed or were interested in viewing or purchasing, whether they searched for comparable products elsewhere, or why Defendant's products or Website are preferable over comparable products or websites.").

The meager facts that plaintiff does allege are inadequate to establish a "sufficiently imminent and substantial" intent to return to the website. *Calcano*, 36 F.4th at 75. Plaintiff plainly cannot rely on his "naked assertion[] of intent to return," *id*. at 77, offered in paragraph 28 of the Complaint. Likewise, his alleged interest in eating breakfast hardly explains why he remains so interested in defendant's breakfast foods, as opposed to the thousands of other breakfast options available in New York. Finally, Plaintiff's allegation that he was interested in defendant's products because they are promoted using the generic terms "healthy," "fresh," and "quality," Compl.¶ 23, does not plausibly establish his interest in returning to defendant's website. "[C]ourts in this Circuit have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question." *Loadholt v. Oriental-Decor.com Inc*., No. 22-CV-8205, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) (collecting cases), *R&R adopted*, No. 22-CV-8205, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024).[6]

---

[6] *Compare Loadholt v. Game Goblins, LLC*, No. 22-CV-7367, 2023 WL 6066220, at *3 (S.D.N.Y. Sept. 18, 2023) (allegation that plaintiff was interested in "brows[ing] the online store and potentially mak[ing] a purchase of some board games so that he could host friends and play games with them" insufficient to establish intent to return); *Cromitie v. Imperial Wholesale, Inc.*, No. 22-CV-6919, 2023 WL 5390437, at *2–3 (S.D.N.Y. Aug. 22, 2023) (finding allegation that plaintiff was interested in buying tablecloth's and napkins and would "browse and potentially purchase these products" from defendant's website was insufficient); *with Davis v. Wild Friends Foods, Inc*., No. 22-CV-4244, 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023) (finding intent to return when the plaintiff sufficiently alleged an interest in a particular product that was "allergen free" and "healthier" due to its lack of "excess sugar or palm oil"); *Guerrero v. Ogawa USA Inc.*, No. 22-CV-2583, 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (finding intent to return sufficiently alleged when the plaintiff alleged that she "wants to purchase a unique, differentiated and highly valuable Ogawa product and has tried to do so on three specific dates"); *Velazquez v. Spice & Tea Exch., LLC*, No. 22-CV-7535, 2024 WL 3928613, at *5 (S.D.N.Y. Aug. 22, 2024) (finding intent to return sufficiently alleged where plaintiff alleged that his medical conditions required reduced consumption of sugar, that he was unsatisfied with mass-market teas, and that defendant sold flavorful low-sugar teas).

12

At bottom, all that I can glean from plaintiff's allegations is that he has a vague interest in browsing the website of a bagel store whose menu and address are unknown to him, so that he can decide whether he is interested in visiting defendant's store to consume its products. Standing requires more. *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20-CV-8487, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021) ("It is not sufficient to claim that [plaintiff] suffered an injury in fact by casually going on the website with the intent of browsing and potentially purchasing a product.").

## II. REMAINING CAUSES OF ACTION

### A. Declaratory Relief

Plaintiff also asserts a claim for declaratory relief, seeking a declaration that defendant's operation of its website violated the ADA and the NYCHRL. However, "[a] declaratory judgment action cannot be maintained [when] it parallels the [plaintiff's] other claims and merely seeks a declaration of the same rights and obligations." *Kleeberg v. Eber*, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020) (internal quotation marks omitted). All that plaintiff seeks in his purported claim for declaratory judgment is that defendant's Website violated the ADA and the NYCHRL—the very basis for his substantive claims alleging violations of those statutes. Accordingly, the declaratory judgment claim is redundant and does not state an independent claim. *See Dreambuilder Invs., LLC v. MERSCORP Holdings, Inc.*, No. 19-CV-8937, 2022 WL 596102, at *6 (S.D.N.Y. Feb. 28, 2022) ("[A] request for declaratory [ ] relief is not an independent cause of action . . . . Since the Court has dismissed [plaintiff's] substantive claims, the remaining declaratory judgment cause of action should also be dismissed.").

### B. NYCHRL

"Claims under the ADA and NYCHRL are governed by the same standing requirements," and therefore a complaint that fails to allege standing for purposes of the ADA also fails to allege standing under the NCHRL. *Monegro v. St. Insider DOT Com Inc.*, No. 21-CV-3339, 2022 WL 445797, at *4 (S.D.N.Y. Feb. 11, 2022); *see also Delacruz v. Yankee Candle Co.*, No. 19-CV-10999, 2021 WL 1198567, at *1 (S.D.N.Y. Mar. 30, 2021) (holding that plaintiff who lacked standing under the ADA likewise lacked standing under the NYCHRL, as "NYCHRL claims are governed by the same standing requirements as the ADA" (internal quotation marks omitted)). I dismiss therefore plaintiff's NYCHRL claim.

Even if that were not the case, I would dismiss plaintiff's state law claims for lack of subject matter jurisdiction, as the complaint fails to allege any viable claim arising under federal law (or that the parties are diverse). *See Klein & Co. Futures v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

For the reasons set forth above, I GRANT defendant's motion to dismiss the Complaint based on its failure to allege plaintiff's standing. However, plaintiff is granted leave to amend. *See Dawkins v. Schott NYC Corp.*, No. 22-CV-3617, 2023 WL 6283285, at *5 (E.D.N.Y. Sept. 26, 2023) ("When a complaint is dismissed for lack of standing, courts generally give the plaintiff leave to file an amended complaint."). The amended complaint shall be filed on or before December 6, 2024.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:	November 11, 2024
	Brooklyn, New York

15