UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAMIAN MARTIN, Individually and on Behalf of All Others Similarly Situated,

*Plaintiff,*

-against-

BROOKLYN BAGEL & COFFEE Company, LTD.,

*Defendant.*

24-CV-3758 (ARR) (RML)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

Plaintiff Damian Martin brings this putative class action against defendant Brooklyn Bagel & Coffee Company ("Brooklyn Bagel"), alleging that defendant's website violates the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law ("NYCHRL"), and for declaratory judgment. Before me now, is defendant's motion to dismiss plaintiff's Amended Complaint for failure to establish Article III standing and to state a claim.

For the reasons set forth below, I GRANT defendant's motion to dismiss for failure to establish standing.[1]

## BACKGROUND

Mr. Martin is a legally blind resident of Brooklyn, New York, who uses screen-reading software when browsing the internet. First Amend. Compl. ("FAC") ¶¶ 2, 14, ECF No. 12. Brooklyn Bagel is a New York Corporation that operates several stores serving breakfast foods in various locations in New York. *Id*. ¶ 43. In furtherance of its operations, defendant operates a

---

[1] "Standing is the threshold question in every federal case, determining the power of the court to entertain the suit." *Ross v. Bank of Am., N.A.(USA)*, 524 F.3d 217, 222 (2d Cir. 2008). I therefore do not address defendant's arguments directed to plaintiff's asserted failure to state a claim, as without standing, I lack subject matter jurisdiction to consider the merits.

1

website, www.bkbagel.com (the "Website"). *Id*. ¶ 19. Among other features, the website "offers users the ability to peruse [defendant's] menu and obtain [the] location" of its physical stores. *Id*. ¶ 39.

Mr. Martin alleges that he "wanted to visit [defendant's] bagel store" because he "enjoy[s] going to different restaurants and activates [*sic*] around New York City" with his mother and "was looking for fresh made, quick service breakfast options" *Id*. ¶ 42. "In preparation for visiting [defendant's] store," Mr. Martin "needed to review the location and menu information." *Id*. ¶ 41.

Mr. Martin visited defendant's Website on April 16 and April 18, 2024 to "learn more about the bagel stores' location information." *Id*. ¶ 44. However, the Website "contain[ed] access barriers that prevent[ed] free and full use by" Mr. Martin. *Id*. ¶ 45. Due to those barriers, Mr. Martin "was unable to understand and properly interact with the Website" and was thereby "denied the benefit of obtaining location and menu information in order to visit the bagel store." *Id*. ¶ 25. However, Mr. Martin alleges that, once the Website is made accessible, he "intends to attempt to access the Website in the future . . . to obtain location and menu information to visit the bagel store." *Id*. ¶ 29.

**PROCEDURAL HISTORY**

Plaintiff filed his original Complaint on May 24, 2024. *See* Complaint, ECF No. 1. In my previous Opinion and Order, I granted defendant's motion to dismiss for failure to allege standing. *See* Order, ECF No. 11. As relevant here, I concluded that defendant failed to sufficiently allege that his intent to return to defendant's website, and therefore failed to establish a sufficient threat of future injury. *Id*. at 10.

**STANDARD OF REVIEW**

2

Standing is a constitutional requirement for assumption of federal jurisdiction, *see Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022), and a motion to dismiss for lack of standing is therefore subject to Fed. R. Civ. P. 12(b)(1). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). However, a court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano*, 36 F.4th at 75 (quoting *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009)).

## DISCUSSION

### I.   Standing

#### A.   Legal Standard

To bring a case in federal court, "the plaintiff must have a personal stake in the case—in other words, standing." *Calcano*, 36 F.4th at 74 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "[T]he party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Id*. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. To be particularized and concrete, the injury must "affect the plaintiff in a personal and individual way," *Harty v. W. Point Realty, Inc.,* 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)), and inflict "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts," *id.* at 442–43 (quoting *TransUnion*, 594 U.S. at 427). Further, because "injunctive relief is the only remedy available under Title III of the ADA, a

plaintiff must show that she is likely to be harmed again in the future in a similar way, and that the threatened injury must be certainly impending." *Wahab v. White's Boots, Inc.*, No. 23-cv-9018, 2024 WL 3909083, at *4 (S.D.N.Y. Aug. 16, 2024) (internal quotation marks omitted).

As the Second Circuit has explained, standing in an ADA case seeking injunctive relief is subject to a three-part test. The complaint must demonstrate that "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74 (quotation marks omitted).

### B. Future injury

An ADA plaintiff seeking injunctive relief must also establish that he "intended to return to the subject location." *Calcano*, 36 F.4th at 74 (internal quotation marks omitted). As the Second Circuit has explained, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id*. at 75 (quotation marks omitted).

According to the Amended Complaint, Mr. Martin wanted to obtain defendant's menu and location "in preparation for visiting" defendant's bagel store, and that he "wanted to visit this store" because "he was looking for fresh made, quick service breakfast options" and "enjoy[s] going to different restaurants and activates [sic] around New York City." Compl. ¶¶ 21, 22; FAC ¶¶ 23, 24. In addition, Mr. Martin desired to visit defendant's stores because defendant "highlights its commitment to quality and freshness [and] promot[es] its products as healthy options." FAC ¶ 24. Finally, Mr. Martin alleges that he "intends to attempt to access the Website

4

in the future . . . to obtain location and menu information[] if [the access barriers are] remedied."

*Id*. ¶ 29.

As explained in my prior order, the allegations in plaintiff's original complaint were insufficient to allege his intent to return to defendant's website. *See* Order at 10–15.

> Plaintiff insists that his sole interest in defendant's website is to obtain menu and location information in preparation for an upcoming visit to defendant's stores, but the Complaint is bereft of any indication that plaintiff intends to make such a visit in the future. *See Lujan*, 504 U.S. a 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that Article III requires."). Plaintiff does not allege that he has taken any steps to visit defendant's stores (or that he frequents areas near defendant's stores). Plaintiff does not allege that he made any effort to obtain defendant's menu and location information elsewhere, despite his purportedly urgent desire to obtain that information so that he can visit defendant's stores. Plaintiff does not allege that he has purchased any of Defendant's products (online or in-person), that he ever intends to purchase defendant's products, that he is aware of any specific item sold by defendant, or how he became aware of defendant's products.

*Id*. at 11.[2] Plaintiff's amended complaint has failed to allege *any* new facts relevant to his intent to return.

Nor do the arguments offered by his counsel cure that deficiency. Plaintiff's desire to seek "breakfast options to enjoy with his mother" is, contrary to plaintiff's assertions, not a "personal and specific interest." Pl. Opp. at 7. As I previously stated, plaintiff's "alleged interest in eating breakfast hardly explains why he remains so interested in defendant's breakfast foods, as opposed to the thousands of other breakfast options available in New York." Order at 12. A plaintiff cannot simply allege that the defendant offers a general category of goods or services

---

[2] *See also Martin v. Second Story Promotions, Inc.,* No. 22-CV-10438, 2024 WL 775140, at *3 (S.D.N.Y. Feb. 26, 2024) (finding insufficient facts to support intent to return where plaintiffs "allege[d] no facts whatsoever regarding how they learned of the Website, what piqued their interest in the Website, any particular products they viewed or were interested in viewing or purchasing, whether they searched for comparable products elsewhere, or why Defendant's products or Website are preferable over comparable products or websites.").

5

and that she is interested in that category of goods or services. *See Erkan v. David A. Hidalgo, M.D., P.C.*, No. 23-CV-9553, 2025 WL 253298, at *2 (E.D.N.Y. Jan. 21, 2025) (plaintiffs allegation that she was interested in facelifts insufficient to allege that she intended to return to plastic surgeon's website, as it lacked any articulation of why plaintiff "was interested in [d]efendant's particular services, as opposed to those of other plastic surgeons."). Instead, "courts in this Circuit have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question." *Loadholt v. Oriental-Decor.com Inc.*, No. 22-CV-8205, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) (collecting cases), *R&R adopted*, No. 22-CV-8205, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024).[3]

Plaintiff's counsel also argues that Mr. Martin's intent to return to defendant's website is established by the fact that Mr. Martin "is a resident of the exact area in which Defendant operates multiple locations." Letter Response to Defendant's Request for a Pre-Motion

---

[3] *Compare Loadholt v. Game Goblins, LLC*, No. 22-CV-7367, 2023 WL 6066220, at *3 (S.D.N.Y. Sept. 18, 2023) (allegation that plaintiff was interested in "brows[ing] the online store and potentially mak[ing] a purchase of some board games so that he could host friends and play games with them" insufficient to establish intent to return); *Cromitie v. Imperial Wholesale, Inc.*, No. 22-CV-6919, 2023 WL 5390437, at *2–3 (S.D.N.Y. Aug. 22, 2023) (finding allegation that plaintiff was interested in buying tablecloths and napkins and would "browse and potentially purchase these products" from defendant's website was insufficient); *with Davis v. Wild Friends Foods, Inc.*, No. 22-CV-4244, 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023) (finding intent to return when the plaintiff sufficiently alleged an interest in a particular product that was "allergen free" and "healthier" due to its lack of "excess sugar or palm oil"); *Guerrero v. Ogawa USA Inc.*, No. 22-CV-2583, 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (finding intent to return sufficiently alleged when the plaintiff alleged that she "wants to purchase a unique, differentiated and highly valuable Ogawa product and has tried to do so on three specific dates"); *Velazquez v. Spice & Tea Exch., LLC*, No. 22-CV-7535, 2024 WL 3928613, at *5 (S.D.N.Y. Aug. 22, 2024) (finding intent to return sufficiently alleged where plaintiff alleged that his medical conditions required reduced consumption of sugar, that he was unsatisfied with mass-market teas, and that defendant sold flavorful low-sugar teas).

6

Conference at 3, ECF No. 14. However, that argument not only does not appear in the Amended Complaint, but it is also contradicted by its allegations that (1) Mr. Martin does not know the location of defendants' bagel stores and (2) Mr. Martin was interested in visiting "restaurants and activates [sic] around New York City," rather than in the area in which he resides. FAC ¶¶ 23, 25. More to the point, the allegation is self-evidently false. Mr. Martin alleges that he lives in Brooklyn, New York, FAC ¶ 14, and Brooklyn Bagel does not operate any locations in Brooklyn. *See Calcano*, 36 F.4th at 76 (taking judicial notice of fact that "there is no Kohl's store anywhere in Manhattan," despite defendant's allegation that he lived "less than a block from the Kohl's retail store at 271 W. 23rd St, New York, NY" (quotation marks omitted and alterations adopted)). Finally, even ignoring the above deficiencies, a plaintiff must "articulate specific reasons beyond general geographic proximity for intending to return to a particular website or location." *Erkan*, 2025 WL 253298, at *3.

  As I concluded in my prior order, plaintiff's allegations establish, at most, "that he has a vague interest in browsing the website of a bagel store whose menu and address are unknown to him, so that he can decide whether he is interested in visiting defendant's store to consume its products." Order at 13. Indeed, plaintiff's counsel explicitly concedes that my prior order accurately construed plaintiff's intentions. Letter Response to Defendant's Request for a Pre-Motion Conference at 3, ECF No. 14 (asserting that Mr. Martin wanted to access the website so that he could "decide for himself whether Defendant's stores were worth visiting"). That is insufficient. *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20-CV-8487, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021) ("It is not sufficient to claim that [plaintiff] suffered an injury in fact by casually going on the website with the intent of browsing and potentially purchasing a product.").

7

## II. Remaining Claims

Plaintiffs remaining claims fail for the same reasons that I stated in my prior order. "Claims under the ADA and NYCHRL are governed by the same standing requirements," and therefore a complaint that fails to allege standing for purposes of the ADA also fails to allege standing under the NYCHRL. *Monegro v. St. Insider DOT Com Inc.*, No. 21-CV-3339, 2022 WL 445797, at *4 (S.D.N.Y. Feb. 11, 2022). I therefore dismiss plaintiff's claims under the NYCHRL.

Moreover, plaintiff's claims for declaratory relief are duplicative of his claims under the ADA and NYCHRL. I therefore dismiss the declaratory relief claim. *See Dreambuilder Invs., LLC v. MERSCORP Holdings, Inc.*, No. 19-CV-8937, 2022 WL 596102, at *6 (S.D.N.Y. Feb. 28, 2022) ("[A] request for declaratory [ ] relief is not an independent cause of action . . . . Since the Court has dismissed [plaintiff's] substantive claims, the remaining declaratory judgment cause of action should also be dismissed.").

## CONCLUSION

For the reasons set forth above, I GRANT defendant's motion to dismiss the Amended Complaint. Plaintiff has already been afforded an opportunity to amend, and the Amended Complaint does even *attempt* to allege *any* new facts that would cure the deficiencies that I identified in my prior order. Nor has plaintiff sought leave to amend in response to defendant's motion to dismiss the Amended Complaint. The dismissal is therefore WITH PREJUDICE. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is 'freely granted,' *see* Fed. R. Civ. P. 15(a), no court can be said to have erred in failing to grant a request that was not made."). The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:          March 13, 2025
                Brooklyn, New York